[Sac. No. 1160. In Bank.—June 2, 1904.]

# D. C. MATTESON, Appellant, v. EQUITABLE MINING AND MILLING COMPANY, Respondent.

SALE OF QUARTZ-MILL—STIPULATED CONDITIONS—RIGHT OF REMOVAL FOR DEFAULT—LIEN—PLEDGE—AUCTION SALE—ACTION FOR DEFICIENCY. —Where a quartz-mill and appurtenances were sold and erected on the mine of the purchaser, under a written contract which provided for payment of the price in stated installments, and that the mill and all appurtenances should be considered as personal property, whether attached to the earth or not, with right in the vendor to remove the same in case of defult, the vendor, or his assignee, on default, had the right to remove the quartz-mill and appurtenances, and having a lien upon it for the unpaid purchase money, which he could enforce in the same manner as if it were a pledge, he was authorized to sell the same at public auction, upon due notice to the purchaser, and to maintain an action against the purchaser for the deficiency.

APPEAL from a judgment of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

The vendor of the machinery had a lien for the unpaid purchase money (Civ. Code, sec. 2888), and he had the right to sell the property to enforce the lien, after having obtained possession under the contract, as a pledge, and to maintain an action for any deficiency. *Mauge* v. *Heringhi,* 26 Cal. 577; *Wilson* v. *Brannan,* 27 Cal. 270; *Gay* v. *Moss,* 34 Cal. 125; *Heyland* v. *Badger,* 35 Cal. 404; *Wright* v. *Ross,* 36 Cal. 429; *Bendel* v. *Crystal Ice Co.,* 82 Cal. 199; Jones on Pledges, sec. 597, 603; 18 Am. & Eng. Ency. of Law, pp. 666, 668.)

Nicol & Orr, for Respondent.

The plaintiff is bound by his election, and cannot recover the purchase price. (*Parke & Lacy Co.* v. *White etc. Lumber Co.,* 101 Cal. 37; *Holt Manufacturing Co.* v. *Ewing,* 109 Cal. 358.)

BEATTY, C. J.—Plaintiff's assignor erected on the mine of defendant a ten-stamp quartz-mill, with various appurtenances, under a written contract, by which the defendant

agreed to pay for the mill, etc., the sum of ten thousand dollars in stated installments. The contract included the following stipulation: ''It is further agreed by the said party of the second part [the defendant] that the said mill, concentrators, water-wheels, pipe-line and all other structures built by the parties of the first part under the terms of this contract shall be considered as and shall be personal property, whether attached to the earth or not, and the title and ownership thereof shall be and remain in the said party of the first part with the right to take up and remove the same from the said premises at any time in default of the payment of any installment of the purchase price thereof, or of any payment of money or delivery of stock, or bullion, as provided for in this contract, and leave and license irrevocable is hereby given and granted to said party of the first part to enter in and upon the property of the said party of the second part to remove the same.''

Plaintiff's assignor fully complied with the contract on his part, but at the end of four years after the completion of the mill a large portion of the contract price was overdue and unpaid. The plaintiff upon refusal of further payments, caused the mill and appurtenances to be sold at public auction, credited the amount realized as a payment on the contract, and brought this action to recover the balance remaining due. Upon findings, in substance, to this effect, the superior court rendered and entered its judgment in favor of the defendant for its costs, and plaintiff appeals.

It seems very clear that the judgment is in conflict with the findings. The conclusion of the court that the plaintiff could not recover the unpaid balance of the contract price is supposed to be sustained by the decision of this court in *Parke & Lacy Co.* v. *White etc. Lumber Co.*, 101 Cal. 37, and *Holt Manufacturing Co.* v. *Ewing*, 109 Cal. 358. Those cases are not in point. In each of them the vendor of personal property was suing to recover the property in specie, or its value, after having recovered a judgment for a part of the price in the first case, and procuring the allowance in probate of the balance of his claim in the second. It was merely decided in those cases that the vendor in a conditional sale, after electing to sue for the purchase money, and after obtaining a judgment, cannot recover the property also.

In this case the vendor is suing not for the property, but only for the balance due upon the contract after crediting the vendee with the value to him of the property sold. The vendor in this case had a right to the possession of the property which the vendee could not dispute, and this gave him a lien upon it for the balance unpaid of the purchase price, which he could enforce in the same manner as in case of a pledge. (Civ. Code, sec. 3049.) He proceeded as in case of a pledge, by selling the property at public auction, after notice to the vendee, and crediting him with the price realized at the sale. The measure of his damages for defendant's breach of contract was then the balance remaining due. (Civ. Code, sec. 3311, subd. 1.)

On the findings made by the superior court the judgment should have been for the plaintiff, but an additional finding is necessary to determine the amount due.

The judgment is reversed and the cause remanded to the superior court, with directions to compute the amount remaining due under the contract after crediting the amount realized at the sale of the property by plaintiff, and to enter judgment for the plaintiff for the amount so computed, with costs.

Shaw, J., Lorigan, J., McFarland, J., Henshaw, J., and Van Dyke, J., concurred.