[Civ. No. 1598.  Second Appellate District.—February 4, 1915.]

## JOHN BENEDICT, Appellant, v. GREER-ROBBINS COMPANY (a Corporation), Respondent.

CONTRACTS—CONDITIONAL SALE OF PERSONAL PROPERTY—ACCEPTANCE—PART PAYMENT OF OVERDUE MONEY — EXTENSION OF TIME ON REMAINDER—EFFECT OF.—A vendor under a conditional sale contract of personal property does not waive his right to retake the property upon the vendee's default by accepting partial payment of money which is overdue and extending the time for the payment of the remainder.

ID.—PROMISE TO PERFORM ACCRUED OBLIGATION—INSUFFICIENT CONSIDERATION.—A promise to render what a person is already under legal obligation to render cannot amount to a sufficient consideration to support a new contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John M. York, Judge.

The facts are stated in the opinion of the court.

Neighbours, Sproul & Hoag, for Appellant.

James, Smith & McCarthy, for Respondent.

JAMES, J.—This is an appeal taken by the plaintiff from a judgment entered in favor of the defendant.  By his action plaintiff sought to recover the sum of eight hundred dollars alleged to be the value of a certain automobile which it was alleged had been appropriated and converted by the defendant.

Plaintiff, in January, 1913, entered into an agreement with the Hollywood Garage Co. to purchase a six-cylinder automobile truck.  The machine was not a new one.  He agreed

to deliver certain personal property other than money in part payment therefor, which arrangement was carried out. He then took possession of the truck, and to provide for the payment of the additional consideration required of him, he executed the following instrument:

"For value received, on or before the 15th day of May, 1913, I or we, or either of us, promise to pay to the order of Hollywood Garage Company at their office in Los Angeles, California, Three hundred and fifty and no/100 dollars ($350.00) payable in gold coin of the United States of America, with interest thereon from date until paid, in like coin, at the rate of seven (7%) per cent per annum. In case a suit or action is instituted to collect the money above mentioned, or any part thereof, I promise to pay such additional sum as the court in which said suit or action is instituted may adjudge reasonable as attorney's fees in such suit or action.

"This note is given upon and for the consideration that the said Hollywood Garage Co. has agreed and promised that upon the payment of this note, principal and interest, at maturity (time being the essence of the contract) they will sell and transfer to the undersigned at the price of said principal and interest, the Mitchell Truck #22,175 which the said Hollywood Garage Co. has this day intrusted to the care of the undersigned.

"It is admitted and agreed that the said property so intrusted is the property of the said Hollywood Garage Co. and shall remain in said company until it shall make the aforesaid sale and transfer.

"Demand, presentment for payment, protest and notice of protest are hereby waived.

"This note is payable in installments of one hundred dollars ($100.00) per month commencing February the 15, 1913, and last payment $50.00 on May 15, 1913.

Makers P. O................(Sign here)   J. Benedict."

Some time prior to June 11th the Hollywood Garage Co. sold and transferred to respondent all of its interest in the contract above set forth and in the automobile, and thereafter plaintiff dealt with the defendant and made payments to it. The contract matured on May 15, 1913. On that date but $150 had been paid by appellant. On June 11th appellant paid the sum of $100 on account, which left him still in arrears in the sum of $100. He requested of respondent's

agent at that time that he be allowed to pay the balance in two payments of $50 each. This agent said that he would see his employers about that matter. Subsequently respondent wrote to appellant the following letter:

"July 9, 1913.

J. BENEDICT,
    c/o Sherman Heights Grocery,
        Sherman, Cal.

Dear Sir:

On June 10th our Mr. Hartley granted you an extension of time on payment of your note which was $100.00, giving you the privilege of paying one-half of this amount $50.00 on July 10th and the other $50 August 10th. Will you please arrange to let us have this $50.00 tomorrow, July 10th, promptly when due, as we have given you all the extension of time it is possible for us to do and we must have the money.

Very truly yours,

GREER-ROBBINS CO.

By—"

This letter appellant testified he received "after the 10th or 11th, somewhere right about there." A check dated July 18th for the sum of fifty dollars was sent to respondent and received by the latter on July 19th, and the amount of money represented thereby was collected. Nothing more was paid and on August 1st respondent took possession of the automobile. The property was later sold for an amount sufficient to pay the remainder of appellant's indebtedness.

That the contract provided for a conditional sale and reserved title to the property in the vendor until performance had been fully made, is not disputed by the appellant. His claim is that the letter of July 9th, written by respondent, and the acceptance of the payment of fifty dollars made on July 19th, worked a waiver of the right to terminate the contract. There was no consideration furnished for the alleged agreement to extend the time. The one hundred dollars was all then due, and a promise to render what a person is already under legal obligation to render cannot amount to a sufficient consideration as will support a new contract. (1 Parsons on Contracts, 9th ed., p. 474, and cases cited thereunder: see, also, *Liening* v. *Gould,* 13 Cal. 598.) The second contention: That a vendor under a conditional sale contract,

by accepting partial payment of money then overdue, waives the right to take the property, is not sustained by the decisions. (*Hegler* v. *Eddy*, 53 Cal. 597; *Van Allen* v. *Francis*, 123 Cal. 474, [56 Pac. 339].)   The last decision cited is very pertinent to the claim of estoppel urged against respondent here.   In that case the vendor allowed the possession of property to be transferred to a third party and accepted payments from the latter with apparently full knowledge of all of the facts and without notifying the new party that the original vendee was in default.   The supreme court held that the original vendor was not estopped from taking possession of the property on account of the default committed by its vendee as to payments due prior to the time the new party obtained possession of the property.   Under the evidence in this case, even conceding validity to the agreement as to the extension of time, it is plain that appellant did not live up to the conditions of that understanding.   He did not send in the fifty dollars required of him on July 10th, until July 19th, which was a delay of more than one week.   This fact alone would have authorized respondent to have treated the agreement for extension as being abrogated and to insist upon taking advantage of appellant's default which had already continued for more than two months.   It has been noted that the partial payment of an amount due will not operate to prevent a vendor from retaking possession of property contracted to be sold.   Appellant could not have bound respondent by remitting a partial payment on account with the express stipulation that the payment was made on condition that time be extended for payment of the remainder of the money then due.   The appropriation of the money so remitted could not work an acceptance of a new offer, because the respondent under its contract was already legally entitled to collect that money.

The judgment of the superior court is affirmed.

Conrey, P. J., and Shaw, J., concurred.