## Star Drilling Machine Co. *v*. Richards, Appellant.

*Contract—Sale—Payments—Inconsistent recoveries — Election of remedy—Principal and surety.*

1. Where a contract provides that payments for merchandise delivered shall be made from time to time, the title thereto to remain in the payee until a certain amount has been paid, and the latter thereafter retakes possession of the property, his right to receive future payments at once ceases.

2. This rule is applicable though suit to recover the payments was begun before the property was taken by the payee.

3. A litigant who is entitled to either one of two inconsistent recoveries, cannot by his order of procedure obtain the right to both.

4. He who elects to disaffirm a contract, and acts upon his election, cannot afterwards affirm it to the injury of another; this is particularly true where the latter is a surety.

Argued October 18, 1921.  Appeal, No. 165, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 508, on verdict for plaintiff, in case of Star Drilling Machine Co. v. H. E. Richards. Before Frazer, Walling, Simpson, Kephart and Schaffer, JJ.  Reversed.

Assumpsit on promissory note.  Before Carpenter, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,942.17.  Defendant appealed.

*Errors assigned,* among others, were (1) refusal of binding instructions for defendant, and (3) refusal of judgment for defendant n. o. v., quoting record.

*John A. Metz,* with him *W. C. McClure,* for appellant, cited: Seanor & Bierer v. McLaughlin, 165 Pa. 150; Kelley Springfield Road Roller Co. v. Schlimme, 220 Pa. 413; Howard v. Stillwagon, 232 Pa. 625; Ketcham v. Davis, 31 Pa. Superior Ct. 583.

*W. E. Minor,* for appellee, cited: Seanor & Bierer **v.** McLaughlin, 165 Pa. 156; Ketcham v. Davis, 31 Pa. Superior Ct. 583.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

Plaintiffs leased to three persons, trading as the West Penn Drilling Company, certain machinery, for which the firm agreed to pay part in cash and the balance in installments; the agreement further providing that, if default was made as to any of the payments, plaintiffs "might repossess themselves of [the machinery] without process of law, or let or hindrance from the bailee, as though these presents had never been made,......and whenever such payments shall amount to the sum above stated, the bailee......may elect to become the owner of the personal property described in this agreement." The cash payment was made; to secure one of the installments, the note in suit was given, defendant being an endorser thereon; and the machinery was thereupon delivered to the partnership. Because later payments were not made, the note was protested, this suit was brought, and thereafter plaintiffs took possession of the machinery and re-leased it to one of the partners. At the trial a verdict was directed for plaintiffs, defendant's point for binding instructions was refused, thereafter his motion for judgment non obstante veredicto was dismissed, and because of this action he appealed from the judgment entered on the verdict.

The only question we need consider is whether or not the retaking of the machinery operated to relieve defendant from liability on his endorsement. The court below held this would have been the effect if it had been taken by plaintiffs before suit was brought, but, since the fact was otherwise, a different result obtained. We know of no principle or authority which sustains this supposed distinction. It would be a sad reflection on any system of jurisprudence, if it permitted a litigant, who was entitled to either one of two inconsistent recoveries, but not to both, to ultimately obtain both, merely by his order of procedure in relation to the matter. "Equity, which is part of the common law of Pennsylvania, never would permit liability to depend upon the option of one party to a controversy, instead of upon legal principles applicable to all concerned": Union National Bank v. Farmers and Mechanics National Bank, 271 Pa. 107. It was probably for this reason the distinction suggested by the court below was correctly ignored, under similar circumstances, in Ketcham v. Davis, 31 Pa. Superior Ct. 583.

It is not necessary to consider under what circumstances the election to affirm would conclude the parties to the agreement of purchase, since defendant was not one of them and was powerless to prevent the rescission of the contract and the retaking of the machinery. Plaintiffs chose to take it and the partnership chose to assent thereto, and defendant, who is only a surety, whether considered as an endorser for value or for accommodation, has, therefore, the right to set up this defense, which arose because the contract was rescinded.

Nor is it necessary to quote at length from the many authorities which sustain his contention. Among them are Campbell Printing Press and Manufacturing Co. v. Hickok, 140 Pa. 290, Seanor v. McLaughlin, 165 Pa. 150, and Kelley-Springfield Road Roller Co. v. Schlimme, 220 Pa. 413; in the first of which it was said that where, as here, the agreement provides the lessors

"might repossess themselves of [the machinery].....as though these presents had never been made," the only possible conclusion is that "if the agreement 'had never been made,' the note would not have been given; when the agreement is rescinded, with like effect as if it 'had never been made,' the note fell with it for want of consideration."

We have not overlooked the claim that defendant agreed to pay the amount of this note and charge it against the contract price to be paid the partnership for drilling the well with this machinery; if there was such an agreement, plaintiffs were not parties to it, and hence cannot be damnified by any breach thereof.

The judgment of the court below is reversed and judgment is here entered for defendant non obstante veredicto.