[Civ. No. 1085.   Fourth Appellate District.—March 22, 1934.]

HENRY H. CROSS COMPANY OF CALIFORNIA (a Corporation), Respondent, v. BURR H. PRENTICE, etc., Appellant.

498

Stickney & Stickney for Appellant.

Lewis E. Whitehead, Earl Glen Whitehead and Hunter N. Muir for Respondent.

JENNINGS, J.—The respondent has moved this court to dismiss the appeal taken by appellant from a judgment rendered by the trial court in favor of respondent or to affirm the judgment of the trial court. The motion is presented in accordance with the provisions of section 3 of Rule V of the Rules for the Supreme Court and the District Courts of Appeal. The grounds of the motion are that the appeal has been taken solely for the purpose of delay and that the questions upon which the decision of the cause depends are so unsubstantial as to require no further argument.

Examination of appellant's opening brief discloses that the following questions are stated as those which are presented upon this appeal: (1) The admission, over appellant's objec-

tion, of incompetent evidence, (2) that the trial court erroneously found that no agreement had been made by the parties for an extension of time within which appellant might pay his debt to respondent, (3) that the court considered evidence outside the record.

The most important of these three questions is that the court made an erroneous finding that no agreement had been entered into by the parties that appellant should have an extension of time within which to pay an admitted indebtedness to respondent. This finding is attacked on the familiar ground that it is lacking in evidentiary support. Ordinarily, the very statement of such an objection impels the conclusion that its consideration requires an examination of the transcript on appeal which places upon the reviewing court an unwarranted burden since, if the motion is denied the court is required twice to make a detailed examination of the record. ■ For this reason, it has been the policy of this court to consider that a motion to dismiss an appeal or to affirm the judgment amounts, in its practical effect, to a demurrer to appellant's brief, and to deny such motion if it appears that an extended examination of the record is required in order that the motion may receive intelligent consideration (*Los Angeles* v. *Los Angeles-Inyo Farms Co.,* 126 Cal. App. 61 [14 Pac. (2d) 339] ; *Thompson* v. *Boyer,* 127 Cal. App. 149 [15 Pac. (2d) 541]).

■ On this appeal, however, we have the advantage of having before us not only the opening brief of appellant, but also respondent's reply brief. Furthermore, no extended examination of the record is required. Upon the question of the insufficiency of the evidence to support the court's finding that no agreement for an extension of time was made between the parties, appellant sets out in his brief the testimony of certain witnesses to the effect that such an agreement was made. Respondent's reply brief, however, discloses that a witness who was called by respondent testified positively that no such agreement was made by respondent. It is apparent, therefore, that upon this question there was a conflict of evidence and no rule of appellate procedure is more conclusively established than that which prohibits the setting aside of a finding of fact made by a trial court when it appears that the evidence upon which the finding rests is conflicting.

■ A more cogent reason for sustaining respondent's contention regarding appellant's objection that the court improperly found that there was no agreement between the parties for an extension of time appears on the face of appellant's opening brief. It is there admitted that at the time the alleged extension agreement was made appellant was indebted to respondent in the amount of $3,000 and it is declared that the evidence produced by appellant showed that respondent agreed to grant a six months' extension of time within which this past due indebtedness should be paid and that in return for this promise to extend the time of payment appellant paid approximately $600 on his account and agreed that in the future he would continue to purchase petroleum products from respondent at such times as appellant should require such products and provided respondent's prices for such products were right.

It is settled that the payment by a debtor of a part of his indebtedness furnishes no consideration for an agreement of the character here being considered (*Liening* v. *Gould*, 13 Cal. 598; *Hughes* v. *Davis*, 40 Cal. 117; *Dean* v. *Sedan Milling Co.*, 19 Cal. App. 28 [124 Pac. 736]; *Benedict* v. *Greer-Robbins Co.*, 26 Cal. App. 468 [147 Pac. 486]).

It is also clear that appellant's promise to continue purchasing petroleum products from respondent could furnish no consideration for an agreement to grant an extension of time for the payment of an admitted indebtedness. Appellant's promise was too indefinite and uncertain. According to his own testimony he did not agree to purchase any definite amount of such products at any definite time. He would purchase when he needed the products if respondent's price was right. The making of such a promise involved no detriment to him and by the same token it conferred no benefit on respondent. We think, therefore, that if, for the sake of argument, it be conceded that the evidence established that respondent agreed to an extension of six months within which appellant should pay the indebtedness he owed to respondent upon payment by appellant of a portion of his indebtedness and upon his promise to continue purchasing products from respondent upon the conditions heretofore described, that such extension agreement was, under the circumstances, entirely unsupported by any legal consideration and was *nudum pactum*.

█ Appellant also objects that the court incorrectly admitted incompetent evidence and that it improperly considered evidence which was not before it. Since it appears that these objections relate to the same evidence, they may be considered together.

It is contended that the court permitted evidence to be given regarding the contents of a telegram which it was testified was sent by respondent to appellant and that, although the telegram was never offered in evidence, the court nevertheless took it into consideration in arriving at its decision. It appears that the only possible bearing the telegram had related to the question of whether appellant's appearance at the Los Angeles office of respondent was entirely voluntary on his part or whether it was in response to a telegram sent him by respondent. In this connection it is interesting to observe that respondent in its reply brief has included a copy of respondent's exhibit 1, which is a letter sent by appellant to respondent on February 12, 1932. This letter contains the following language: "We wish to acknowledge receipt of your telegram. Mr. Prentice expected to be in Los Angeles yesterday but was called to Victorville. He will be in Los Angeles Monday or Tuesday and will see you at that time." The conclusion is inescapable that the telegram to which reference was made in the above-quoted letter is the same telegram which a witness for respondent testified was sent to appellant and the court was warranted in concluding that appellant's appearance at respondent's office was not entirely voluntary. Furthermore, it does not appear that it was at all material whether appellant's appearance was of his own volition or whether he went to respondent's office in response to a telegram. If, therefore, it be conceded that evidence regarding the telegram was improperly admitted and that the court, although the telegram was not in evidence, arrived at the conclusion that appellant's appearance at respondent's office was not of his own volition, but was in response to the telegram, we are unable to discover how appellant was prejudiced thereby or that any different result would have been achieved if no evidence regarding the telegram had been admitted and no consideration had been given to the fact that a telegram had been sent.

■ Appellant also complains that the court, over his objection, improperly admitted evidence respecting the general practice of conducting respondent's business. This evidence, which is set out in appellant's opening brief, consists of the voluntary statement of a certain witness who was testifying in behalf of respondent and responses of this witness to questions propounded by the court. It is apparent that the evidence was not material to any issue presented in the case and, if it be conceded that it was improperly admitted, it does not appear that appellant suffered any prejudice by its reception.

Careful consideration of the various questions stated in appellant's opening brief and the arguments presented in support of the contentions there advanced produces the conviction that the questions raised on this appeal are not of sufficient substantiality to require further consideration of the appeal.

It is therefore ordered that respondent's motion for dismissal of the appeal be granted and that the appeal be dismissed.

Barnard, P. J., and Marks, J., concurred.