[Civ. No. 5053. Third Appellate District.—December 6, 1934.]

GENERAL MOTORS ACCEPTANCE CORPORATION (a Corporation), Appellant, v. ORVILLE O. BROWN, Respondent.

William S. Downing for Appellant.

Loyd E. Hewitt for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against it in a suit for a deficiency due on the contract price of an automobile, which unpaid balance remained unsatisfied after the car had been repossessed and sold pursuant to the terms of the agreement and the proceeds thereof credited to the purchase price.

An automobile was sold and delivered to the defendant on a conditional sale contract for $1952. Upon delivery of the car the sum of $500 was paid on the purchase price. The balance was to be paid in monthly installments of $50. The contract contains the following clause:

"Title to said property shall not pass to the purchaser until said amount is fully paid in cash. . . . In the event the purchaser defaults on any payment due on this contract . . . the full amount shall, at the election of the seller, be immediately due and payable, and . . . the seller . . . may take immediate possession of said property, without demand. . . . The seller may resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to the purchaser. . . . From the proceeds of any such sale the seller may deduct all expenses, . . . The balance thereof shall be applied to the amount due; . . . in case of deficiency the purchaser shall pay the same

with interest. . . . The seller shall have the right to enforce one or more remedies hereunder. . . . The terms hereof shall not operate to release the purchaser until full payment has been made in cash.''

The defendant defaulted in the payment of several installments. By consent of the defendant the plaintiff took possession of the machine and resold it at private sale for the sum of $325, which sum was credited to the purchase price of the machine, leaving a deficiency on the purchase price of $430. Suit was commenced against the defendant for the last-mentioned sum, together with interest and attorney's fees, under the terms of the contract. The cause was tried by the court, sitting without a jury. The court found that the defendant had defaulted in his payments as alleged, but that, ''the agent of plaintiff had the authority to retake the car and cancel the indebtedness owed by the defendant to the plaintiff''; that upon repossessing the car the ''plaintiff's agent then and there agreed to receive said automobile and cancel the obligation''; and that the defendant was therefore not indebted to the plaintiff. Thereupon judgment was rendered in favor of the defendant. From this judgment the plaintiff has appealed.

The appellant contends that the findings and judgment are not supported by the evidence for the reasons that they are in direct conflict with the unambiguous terms of the contract, and that there is no evidence that plaintiff's agent had any authority to waive the express terms of the contract. The respondent asserts that the plaintiff had no legal right to repossess the machine or to hold the purchaser for any portion of the unpaid purchase price thereof. Respondent also asserts that plaintiff's agent specifically waived the right to maintain a suit for the unpaid portion of the purchase price of the car.

The findings and judgment are not supported by the evidence. The unambiguous terms of the contract for the sale of the automobile provide that the vendor may repossess the machine in the event of a default in any of the payments therefor, and resell the same at public or private sale, crediting the proceeds of such resale to the unpaid purchase price, and that the purchaser is not released from his obligations under the contract until he shall have paid the full amount of the purchase price as provided by the terms of the agree-

ment. After default the machine was voluntarily delivered to the agent of the plaintiff and resold as authorized by the contract, leaving an unpaid balance of the purchase price amounting to $430, which is a valid obligation against the defendant according to the express terms of the contract.

Under the express terms of a conditional sale contract a vendor of personal property has a legal right to repossess the property for default in the payment of stipulated installments of the purchase price thereof, and sell the property at either public or private sale, crediting the proceeds of such resale to the vendee, without waiving his claim to the balance of the purchase price which still remains unpaid. (*Matteson* v. *Equitable Mining & Milling Co.*, 143 Cal. 436 [77 Pac. 144]; *Jeanson* v. *Zangl*, 119 Cal. App. 692 [7 Pac. (2d) 314]; *Smith* v. *Harrington*, 41 Idaho, 155 [238 Pac. 530, 43 A. L. R. 1240]; Estrich's Inst., Sales, p. 674, sec. 327.)

There is a clear distinction between the facts of this case where the vendor under the terms of its conditional sale contract repossesses the property for default in the payment of installments for the purchase thereof, and resells the property, applying the proceeds to the indebtedness, and then sues for the unpaid portion of the purchase price, and those cases relied on by the respondent wherein the vendors either repossess and retain the property as their own, or leave the property in the possession of the vendee and sue for the entire deferred payments, or bring suits to rescind the contract. In the cases last mentioned, upon which the respondent relies, the courts have properly held that the conduct of the vendor constitutes an election of remedies, or a confirming of the title to the property in the vendee, under which circumstances the vendor is not entitled to subsequently repossess the property. In the present case the vendor merely took and resold the automobile as a pledge under the express terms of the contract and applied the proceeds of the resale to the payment of the debt, and then brought suit for the balance of the defendant's obligation. No fraud in the resale of the machine is charged. Under such circumstances it may not be said the vendor secures both the machine and the original selling price thereof. He merely recovers the original sale value of the automobile pursuant to the express terms of the contract.

■ There is a conflict of evidence as to whether the agent of plaintiff agreed with the defendant in consideration of delivering possession of the machine to the vendor without the necessity of bringing suit therefor that the unpaid balance of the purchase price would be canceled and waived. The court, however, found that that agreement was made, and we are bound by this finding.

■ There is, however, no evidence to support the assumption that the agent had authority to waive the express terms of the written contract which bound the defendant to pay the full contract price of the machine. The respondent asserts that the fact that the agent had authority to collect deferred installments of the purchase price, and, upon failure to pay them, to repossess the machine, shows that he also had authority to cancel and waive the unpaid balance. There is no other evidence tending to show that the agent had authority to waive the balance due on the purchase price. The agent's authority to collect deferred installments and in default of such payments to repossess the car is in exact accordance with the express terms of the contract. It furnishes no evidence of authority to waive the balance due in conflict with the express terms of the contract.

■ Moreover, the obligation to pay the entire purchase price of the car could not be extinguished by an acceptance of part performance of the contract after a breach thereof, or a satisfaction of the balance of the debt, except by virtue of a *written* consent therefor by the creditor. (Civ. Code, sec. 1524.) No such written consent was given in the present case.

■ There was no consideration for the waiver of the obligation of the vendee in this case for the reason that he merely voluntarily relinquished possession of the machine which he was legally bound to do under the express terms of the contract. It is an uniform rule of law that a consideration for an agreement is not adequate when it is a mere promise to perform that which the promisor is already legally bound to do. (*Benedict* v. *Greer-Robbins Co.*, 26 Cal. App. 468 [147 Pac. 486]; *Henry H. Cross Co.* v. *Prentice*, 137 Cal. App. 497 [30 Pac. (2d) 1017]; *Sullivan* v. *Sullivan*, 99 Cal. 187, 193 [33 Pac. 862]; 6 R. C. L., p. 656, sec. 68; 13 Cor. Jur., p. 351, sec. 207; 1 Parsons on Contracts, 9th ed., p. 474.)

The judgment is reversed and the court is directed to ascertain and render judgment for the amount of the balance due to the appellant under the terms of the contract.

Pullen, P. J., and Plummer, J., concurred.