## In re ORPHEUM CIRCUIT, Inc.

District Court, S. D. New York.
March 24, 1938.

Beekman, Bogue, Leake, Stephens & Black, of New York City (Edward K. Hanlon and Milton Weiss, both of New York City, of counsel), for trustee.

Samuel Zirn, of New York City, for claimant Electrical Products Corporation.

PATTERSON, District Judge.

The trustee in bankruptcy seeks review of an order made by a referee denying the trustee's application to expunge a claim filed by Electrical Products Corporation of California.

The claimant in October, 1932 sold and delivered an electric sign to Orpheum Theatre & Realty Company on conditional sale agreement, title to remain in the claimant until the purchase price should be fully paid. The price was $8,015.29, payable in weekly installments. The agreement was made in California, and the sign was installed in front of the buyer's theatre there. The agreement provided that on default by the buyer, the entire unpaid balance of the purchase price should become due at the seller's option, and the seller should have the right either (1) to retake the sign and sell it for the buyer's account, holding the buyer for any deficiency, or (2) without retaking the sign to hold the buyer for the unpaid balance of the purchase price. The bankrupt gave a written guaranty of performance by the buyer, which was a subsidiary of the bankrupt. The buyer made no payments on account of the price. In January, 1933, the bankrupt filed voluntary petition in bankruptcy and was duly adjudicated. In July, 1933, the claimant filed proof of claim for the full amount, $8,015.29, based on the guaranty.

The trustee's defense to the claim arises from the fact that the claimant on

728

September 1, 1933, retook the sign and leased it to another concern for its own account. No resale for the buyer's account was held. The trustee asserts that the bankrupt's obligation as guarantor was thereby released. The referee found that the sign had a value of $2,000 when retaken. He held that these facts constituted no defense and allowed the claim at $8,015.29, with a provision that dividends to be paid on it were not to exceed $6,015.-29. I am of opinion that the claim should have been expunged.

Whatever rights the claimant had against the buyer were lost when it retook the property for its own use. By the conditional sale agreement the claimant had the election on the buyer's default either to retake and resell for the buyer's account, holding the buyer for any deficiency, or to leave the property with the buyer and insist on payment of the purchase price. The claimant did neither. It retook, but instead of reselling used the property as its own. By California law such conduct amounts to rescission of the sale and release of the buyer from further liability. Frankel v. Rosenfield, 95 Cal.

App. 647; 273 P. 122; Jeanson v. Zangl, 119 Cal.App. 692, 7 P.2d 314.

The claimant has no better rights against the guarantor than against the buyer. When the buyer's liability under the conditional sale agreement was extinguished by the claimant's own act, the guarantor's liability was discharged as well. Glassell v. Coleman, 94 Cal. 260, 29 P. 508; White v. Griffing, 44 Conn. 437.

We may assume in the claimant's favor that by reason of the guaranty it had a matured claim against the bankrupt at the time when bankruptcy occurred, that the claim was for the full purchase price, that the status was unchanged when the claimant filed proof of claim, and that down to that time there was no defense to the claim. It nevertheless is true that when the claimant later rescinded the sale and released the principal obligor from liability, no vestige of its claim against the bankrupt estate of the guarantor remained. Star Drilling Mach. Co. v. Richards, 272 Pa. 383, 116 A. 309, 23 A.L.R. 1460. The referee's order will be reversed and the claim expunged.