[Civ. No. 8330. Third Dist. Sept. 29, 1954.]

ESTELLA R. KREISA et al., Respondents, v. BRUCE J. STODDARD, Appellant.

Gordon H. Winton, Jr., for Appellant.

Preston, Braucht & George for Respondents.

PEEK, J.—This is an appeal by defendant from a money judgment in favor of plaintiffs in an action to recover the principal, plus interest, due, owing and unpaid on a conditional sales contract.

On October 1, 1945, respondents and appellant entered into a conditional sales agreement by which appellant agreed to buy and respondents agreed to sell a going floral business, together with the good will, fixtures and lease of the premises

constituting the place of business thereof. The sale price was fixed at $14,850, to be paid in installments, deferred payments of principal to bear interest at the rate of 5 per cent per annum. Sellers reserved the title in and to all of the property covered thereby until full payment was made. The agreement did not provide that the purchaser would be liable for any deficiency in the event of the retaking of the property by the sellers, nor did it provide for retaking as a remedy available to sellers.

According to the plaintiff, Estella R. Kreisa, who was the only witness called by either of the parties, appellant made the required payments until January 1, 1949. On that date an installment in the sum of $2,000 was due, and although numerous demands were made upon him by respondents, the balance thereof was not paid. Respondents were assured by appellant that he would pay said balance after he completed another transaction. Thereafter respondents and appellant discussed the possibility of the sale of the business and appellant suggested that Mrs. Kreisa, as a real estate broker, try to find a buyer. However after a buyer was found, appellant failed to present his books and inventory in compliance with the buyer's request, and the sale fell through. Sometime thereafter, Mrs. Kreisa discovered appellant's truck parked in front of her home with the keys in it. The keys to the shop, together with the certificate of ownership for the truck, were delivered to respondents by registered letter from appellant wherein he informed them that he elected to terminate the agreement and he returned "all equipment and good will" of the business to them. Upon the advice of her attorney, Mrs. Kreisa stored the truck to "preserve" it. She also cleaned up "the mess" left by appellant in order to "preserve" the premises and prepare for a resale in accordance with the authorization of appellant. His instructions were to sell the business and apply the proceeds to his account, and in the event a balance remained he would pay the same to her.

Received in evidence was a letter from respondents' attorney to appellant's attorney, dated March 29, 1949, wherein the writer expressed the understanding that appellant would cancel the lease; that the property had been "turned back" to Mrs. Kreisa and "repossessed" by her; that she had allowed a credit of $5,000 on appellant's account; and, that the balance then due would be covered by a note signed by appellant. By letter bearing the date, April 29, 1949,

respondents notified appellant of the proposed sale of the business for $5,000, which amount would be credited upon the amount owing under the contract. On May 5, 1949, respondents did sell the property, consisting of all the merchandise remaining unsold by appellant since the execution of the agreement, and realized $4,915 on said resale. There was testimony to the effect that in order to obtain the lessor's consent to the resale, the rental was raised from $80, the amount paid by defendant under his lease, to $200.

This action was subsequently brought to recover the deficiency ($2,085) plus interest, representing the difference between the payments which had been made on the principal under the contract ($7,850 as of February 15, 1948) plus the net realized by the sale by plaintiffs of the property ($4,915 on May 28, 1949) and the total amount due under the conditional sales contract ($14,850). In answer to plaintiffs' complaint and amended complaint, defendant admitted the execution of the agreement, but denied payment of $4,915 and denied any sum due, owing and unpaid, and by way of separate defense alleged that on March 14, 1949, plaintiffs retook possession of the property and on March 28, 1949, resold it, thereby cancelling any indebtedness of defendant to plaintiffs. At the trial on the issues so raised defendant offered no evidence.

Over objections by defendant, the trial court found that $2,095 plus $790.78 interest, was due, owing and unpaid by defendant to plaintiffs; that defendant returned only a portion of the property purchased; that plaintiffs as sellers conditionally accepted the same for the purpose of resale, the proceeds to be applied to the amount due from defendant; that prior to the sale defendant approved the same; that plaintiffs made said sale as agents of defendant; and that after said resale defendant agreed to pay the balance of the sum due, together with interest thereon at 5 per cent per annum. Judgment was entered accordingly in favor of plaintiffs. Thereafter, defendant's motion for new trial, on the grounds of accident and surprise in that the complaint did not allege an agency or oral promise by defendant to pay the deficiency, was denied.

On appeal appellant contends that: (1) The return of the property which was the subject of the conditional sales agreement and the acceptance thereof by the sellers, was a bar to any further action for the balance due on the purchase price, since the acceptance was not conditional and constituted

an election of remedies by plaintiffs; (2) that even assuming the defendant did make an oral promise to pay the deficiency, it is unenforceable because of lack of consideration in that the property was retaken by plaintiffs prior to the alleged oral promise of defendant; (3) that assuming defendant did make an oral promise to pay the deficiency and further assuming that there was consideration for such promise, such proof was at variance with plaintiffs' pleading, in that the theory of recovery as set forth in the complaint was wholly based on the written contract; and, (4) that further assuming the court was correct in allowing proof of such oral promise under the pleadings, the court, as a matter of right, should have granted the motion for new trial, as defendant had no way of anticipating this evidence introduced by plaintiffs and should have been afforded an opportunity to obtain evidence to refute such assertions.

The main question presented by appellant relates to the application of the doctrine of election of remedies to the facts presented. The purpose in applying this doctrine to a situation involving a conditional sales contract is to prevent the seller's obtaining both the property and the price, while the defaulting buyer suffers a forfeiture. However, the courts on numerous occasions have recognized that a seller's retaking or repossessing, under an express or implied contract provision, does not necessarily demand the conclusion that in so doing he has elected to rescind; and, the application of the election doctrine must be modified by the facts of the particular case. As is said in Williston on Contracts, section 736:

"It is obviously possible, however, for the seller to resume possession of the goods without intending thereby to rescind the contract. He may, it would seem, resume possession without forfeiting or claiming to forfeit the buyer's right to pay any unsatisfied portion of the price and thereby perfect his ownership, but merely to increase his own security."

 And so it has been held that, where a buyer has repudiated the contract, abandoned the goods, or in some other way manifested an intention not to fulfill his contractual obligations, the seller may, to secure the obligation owing to him, retake the property; and, after reselling the same and applying the proceeds to the outstanding balance, still be entitled to enforce the contract against the buyer for

the payment of any deficiency. (25 Cal.Jur., § 233, p. 765; *Matteson* v. *Equitable M. & M. Co.*, 143 Cal. 436 [77 P. 144]; *Jeanson* v. *Zangl*, 119 Cal.App. 692 [7 P.2d 314]; *Miller* v. *Steen*, 30 Cal. 402, 403 [89 Am.Dec. 124].)

The record discloses ample evidence to warrant an affirmance of the judgment of the trial court. Appellant's letter of March 14, 1949, was a clear repudiation by him of the contract. It is uncontradicted that he left the truck at respondents' residence and returned the keys to the premises along with the letter of cancellation. The only question, then, is whether respondents by their conduct acquiesced in the repudiation. Their letter to appellant's attorney dated March 29, 1949, supports their assertion that redelivery was accepted with the understanding among all concerned that appellant would continue to be held liable for the contract price.

Although appellant criticizes respondents' citation of *Phillips* v. *Stark*, 186 Cal. 369 [199 P. 509], for the reason that the case did not involve a conditional sales contract, the language of the court is pertinent insofar as the question of rescission by mutual consent is concerned. The court, at page 372, says:

"As to the retaking of possession, if the plaintiff had done so under such circumstances as to show an acquiescence on his part in the position taken by the defendants that the sale was off, there would at once have been a rescission by mutual consent. . . . But when the defendants not only refused to pay, but repudiated the contract and abandoned the property, the plaintiff's act in retaking possession of it certainly cannot be said to indicate any acquiescence on his part in the repudiation or any intent to end the sale. Whether he intended to insist upon the contract or not, the only sensible thing for him to do was to retake possession. He either had to do so for the protection of the property or allow it to be lost or destroyed for want of protection. He could, of course, have left it to its fate, but he was not required to follow any such hazardous and unreasonable course. The defendants thrust the necessity of taking possession upon him, and very plainly against his will, and without any thought on his part of acquiescing in their repudiation or himself terminating the contract of sale. Under these circumstances, there was no rescission."

On the basis of the above, it follows that, under the evidence, the trial court properly concluded that there was no rescission by mutual consent within the meaning of Civil

Code, section 1689, and, by the same token, respondents' acts did not constitute an election of remedies so as to preclude them from recovering on the contract. This being so, the only other means by which rescission of the contract could have been effected was for appellant to bring himself within the provisions of Civil Code, section 1691. ■ But since he neither restored to plaintiffs everything of value which he received from them under the contract, nor did he offer to do the same upon the condition that plaintiffs do likewise, he could not bring himself within such provisions. (See *Kier Corp.* v. *Treasure Oil Co.*, 57 Cal.App.2d 829, 841 [136 P.2d 59].)

Appellant lastly contends, in effect, that respondents had judgment on proof of appellant's oral promise to pay the deficiency, unsupported by consideration, which proof was improperly admitted under the pleadings. ■ Although a judgment cannot be sustained which rests for its validity and support upon some particular finding which is unsupported by the evidence, or is outside the issues made by the pleadings, if it is amply supported by findings which are unobjectionable, findings on other issues become immaterial, and it is not ground for reversal that such other findings are unsupported by evidence, or are uncertain or otherwise defective. ■ In other words, however unsupported or inconclusive any number of findings may be, if there be at least one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be concluded on appeal that the court rested its judgment upon that finding and the others will be disregarded. (2 Cal.Jur. § 612, pp. 1028-1029.) ■ As previously noted, the authorities cited above confirm the conditional seller's right to recovery of a deficiency once it is shown that the retaking and reselling did not amount to an election of remedies. Hence a promise to pay the deficiency by the buyer is immaterial to such right. This being true, it will be assumed that the conclusion reached by the trial court was based on the evidence presented by respondents tending to prove a lack of rescission and supporting the resultant finding that the retaking was conditional. Since the judgment can be upheld on the basis of this latter finding, the finding of an agency relationship based upon appellant's oral promise to pay becomes immaterial and may be disregarded. Therefore, the variance, if any, in allowing proof of such

promise, was at most immaterial and cannot be said to have prejudiced appellant in maintaining his defense on the merits to such an extent as to constitute reversible error.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.