[Civ. No. 20446. First Dist., Div. Three. Jan. 10, 1963.]

F. T. McMILLEN, Plaintiff and Respondent, v. L. D. PIPPIN, Defendant and Appellant.

Timothy W. O'Brien for Defendant and Appellant.

Spurr & Brunner and W. H. Brunner for Plaintiff and Respondent.

SALSMAN, J.—Plaintiff obtained a deficiency judgment against the defendant arising out of the sale of a BU 135 Skagit, a large piece of logging equipment. The conditional sales contract of the parties was entered into in April of 1957. Defendant was unable to make any substantial use of the Skagit and in 1958 he parked it in the woods, built a cover for it, and removed the starting motor. Defendant paid only $850 of the $8,000 purchase price. From time to time after 1958 plaintiff and defendant discussed the resale of the machine, and both parties tried to find a buyer. In 1959 defendant informed plaintiff that one Philbrick was interested in the Skagit, and defendant told plaintiff to "go ahead with the sale," but it turned out that Philbrick's interest was only tentative, and no sale resulted. Plaintiff advertised the Skagit for sale in various newspapers and in 1960 plaintiff found one Rasmussen as a buyer, and sold the Skagit to him for the sum of $2,750, which was the highest price plaintiff was able to obtain. Rasmussen's agent called for the Skagit and defendant delivered the starting motor and cooperated in the removal of the machine. At the time of sale plaintiff told defendant he would be held for any deficiency arising out of the repossession and sale, and when defendant refused to sign notes for the amount of the deficiency claimed by plaintiff, this action was begun.

The conditional sales contract contained this paragraph: "In the event of the failure by the purchaser to pay any installment of the purchase price as the same shall become due hereunder . . . the seller may take possession of said property, with or without legal process, and, at his option, sell the same according to law, in which case it is expressly understood and agreed that the seller may retain all installments previously paid hereunder as and for compensation for the use of said property by the purchaser and the purchaser will pay any deficiency arising on account thereof. . . ."

On this appeal defendant first contends there was no repossession of the Skagit. The trial court found there was a repossession, and this finding is sufficiently supported by the evidence. It is true that plaintiff did not take physical possession of the machine, and that defendant retained the start-

ing motor until it was delivered to Rasmussen's agent. Nevertheless, the conduct of both parties is sufficient to show a constructive repossession on the part of plaintiff. This is so because the parties agreed that both would attempt to find a buyer and that when a buyer was found, the Skagit would be physically delivered to the new purchaser. When defendant found a prospective purchaser he told plaintiff to "go ahead with the sale," and thus in effect committed the matter of resale to the plaintiff. Also, defendant at all times knew of plaintiff's efforts to find a buyer, and he knew that plaintiff was advertising the Skagit for sale. Plaintiff had viewed the machine shortly before the sale to Rasmussen, and when Rasmussen's agent called for it, defendant extended his full cooperation, and delivered the starting motor. Under these facts it seems clear to us that plaintiff's exercise of dominion over the subject matter of the contract, accompanied by defendant's knowledge and consent, amounts to a constructive repossession of the Skagit for all purposes required under the contract between the parties.

Defendant next contends that the resale made by plaintiff was not made according to the terms of the contract and therefore no deficiency judgment can result. The contract simply provided that resale after repossession must be made "according to law." The defendant argues that this means the resale must be made in accordance with the statutory provisions relating to the sale of pledged property. (Civ. Code, §§ 3002, 3005; Code Civ. Proc., § 694; *Matteson* v. *Equitable Min. & Mill Co.,* 143 Cal. 436 [77 P. 144].) *Matteson* does not support plaintiff's contention. That case merely holds that when the conditional seller did proceed in accordance with the pledge procedure and sold at public auction, the procedure was adequate to give notice and therefore a deficiency would lie. The case does not indicate that the pledge procedure is the only procedure on resale that will satisfy the law. A conditional sale is not a pledge. (*Standard Auto Sales Co.* v. *Lehman,* 43 Cal.App. 763 [186 P. 178].) Upon resale after repossession the conditional seller is not required as a matter of law to follow the cited statutory provisions relating to the sale of pledged property. The seller is, however, required to abide by the terms of his contract upon resale and to observe the requirements of Civil Code section 1780, subdivision (5), for the provisions of this section are applicable to a resale of property repossessed under a conditional sales contract. Where, as here, the seller retakes possession of the

property and resells it, he must deal fairly and justly with the original buyer and exercise reasonable care and judgment in making the resale. He is duty-bound also to obtain the best possible price under the circumstances prevailing at the time of resale. (*General Motors Accept. Corp.* v. *Brown,* 2 Cal.App.2d 646 [38 P.2d 482]; *Millick* v. *Peer,* 130 Cal. App.2d Supp. 894, 897 [279 P.2d 212]; *Hill* v. *Dominquez,* 138 Cal.App.2d Supp. 891, 894 [291 P.2d 203]; *General Motors Accept. Corp.* v. *Dickinson,* 249 Ky. 422 [60 S.W.2d 967].) In the record before us it is plain that plaintiff has faithfully observed these requirements as provided by the provisions of his contract, and has met the standard of reasonable care and judgment on resale that is required by the law. For more than a year and a half both parties sought to find a buyer for the Skagit. The meager results of their efforts suggest that the market for Skagits is a rather limited one and when at last a buyer did appear, plaintiff did the prudent thing in accepting the opportunity to sell. Moreover, plaintiff obtained the highest price possible under the prevailing circumstances and therefore, as the contract between the parties plainly states and as the trial court found, the defendant is liable for the deficiency.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.