Filed 3/3/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAN LUIS OBISPO LOCAL AGENCY FORMATION COMMISSION et al., <br><br>   Cross-complainants and Appellants, <br><br> v. <br><br> CITY OF PISMO BEACH et al., <br><br>   Cross-defendants and Respondents. | 2d Civ. No. B296968 <br> (Super. Ct. No. CV130383) <br> (San Luis Obispo County) |

Even broadly construed statutes have boundaries. It is the Legislature's responsibility to amend statutes. Courts may not do so under the guise of implied powers.

A city and a developer applied to the San Luis Obispo Local Agency Formation Commission (LAFCO) to annex a parcel of real property to the city. LAFCO denied the application and the city and developer brought an action to challenge that decision. LAFCO prevailed and brought this action to recover attorney fees under an indemnity agreement contained in the annexation application. The trial court granted the city and developer

judgment on the pleadings because LAFCO has no authority to require such fees.  We affirm.

FACTS

*Background*

Local agency formation commissions are established in each of California's 58 counties by the Cortese-Knox-Hertzberg Act (CKH Act).  (Gov. Code,[1] § 56000 et seq.)  Their purpose is to ensure planned, well-ordered, efficient urban development patterns.  (§ 56300, subd. (a).)  Included in their powers is the power to approve or disapprove applications for an annexation to a city.  (§ 56375, subd. (a).)  Their operating costs are divided one-third each among the county, the cities, and independent special districts.  (§ 56381, subd. (b)(1)(A).)

Local agency formation commissions may also establish a schedule of fees and service charges.  (§ 56383, subd. (a).)  The fees and charges shall not exceed the costs of the services provided.  (*Id.*, subd. (b).)

*Dispute*

Central Coast Development Company (Central Coast) owns a 154-acre parcel of property within the sphere of influence of the City of Pismo Beach (City).  Central Coast wants to construct 252 single family residences and 60 senior housing units on the parcel.  The City approved Central Coast's application for a development permit for the property.  The City and Central Coast applied to LAFCO to annex the property.

The LAFCO application signed by the City and Central Coast contained the following indemnity agreement:

---

[1] All statutory references are to the Government Code unless stated otherwise.

2.

"As part of this application, Applicant agrees to defend, indemnify, hold harmless and release the San Luis Obispo Local Agency Formation Commission (LAFCO), its officers, employees, attorneys, or agents from any claim, action or proceeding brought against any of them, the purpose of which is to attack, set aside, void, or annul, in whole or in part, LAFCO's action on the proposal or on the environmental documents submitted to or prepared by LAFCO in connection with the proposal. *This indemnification obligation shall include, but not be limited to, damages, costs, expenses, attorneys' fees, and expert witness fees that may be asserted by any person or entity, including the Applicant*, arising out of or in connection with the application. In the event of such indemnification, LAFCO expressly reserves the right to provide its own defense at the reasonable expense of the Applicant." (Italics added.)

LAFCO denied the annexation application. The City and Central Coast sued LAFCO. LAFCO prevailed and presented a bill to the City and Central Coast for more than $400,000 in attorney fees and costs. The City and Central Coast refused to pay.

The Special District Risk Management Authority (SDRMA), a public entity self-insurance pool, paid for LAFCO's fees and costs. LAFCO and the SDRMA sued the City and Central Coast to recover its fees and costs. The suit was based on the indemnity provision of the annexation application.

The trial court granted the City and Central Coast (hereafter collectively "the City") judgment on the pleadings against LAFCO and the SDRMA (hereafter collectively "LAFCO"). The court denied LAFCO's request for leave to amend its pleadings.

DISCUSSION

I

*Contract*

LAFCO contends the indemnity agreement is a valid contract provision.

A contract requires consideration. (*US Ecology, Inc. v. State of California* (2001) 92 Cal.App.4th 113, 128.) Consideration consists of either a benefit to the promisor or a detriment to the promisee. (*Speirs v. BlueFire Ethanol Fuels, Inc.* (2015) 243 Cal.App.4th 969, 987.) A promise to do something the promisor is legally bound to do is not consideration. (*General Motors Acceptance Corp. v. Brown* (1934) 2 Cal.App.2d 646, 650.)

LAFCO has a statutory duty to accept all completed applications (§ 56658, subd. (e)) and to review and approve or disapprove the application (§ 56375, subd. (a)(1)).

LAFCO argues it has the power under section 56383, subdivision (a) to charge fees to cover its costs. These fees include fees for filing and processing applications. (§ 56383, subd. (a)(1).) LAFCO claims it is entitled to charge anticipated attorney fees as part of the application fee. It contends the indemnification agreement is given in consideration for not requiring anticipated attorney fees to be paid as part of the application fee at the beginning of the process.

As we explain, section 56383 does not apply to post-administrative matters, such as the action that generated the fees at issue here. LAFCO has given no consideration in exchange for the indemnity agreement.

4.

## II
### *Authority Under Section 56383*

LAFCO contends it has the authority under section 56383 to require the indemnity agreement.

Section 56383, subdivision (a)(1)-(4) provides: "The commission may establish a schedule of fees and a schedule of service charges pursuant to this division, including, but not limited to, all of the following: [¶] (1) Filing and processing applications filed with the commission. [¶] (2) Proceedings undertaken by the commission and any reorganization committee. [¶] (3) Amending or updating a sphere of influence. [¶] (4) Reconsidering a resolution making determinations."

LAFCO ignores subdivision (b) of section 56383. That section provides that the fees and charges "shall be imposed pursuant to Section 66016." (§ 56383, subd. (b).)

Section 66016, subdivision (a) provides, in part: "Prior to levying a new fee or service charge, or prior to approving an increase in an existing fee or service charge, a local agency shall hold at least one open and public meeting, at which oral or written presentations can be made, as part of a regularly scheduled meeting. Notice of the time and place of the meeting, including a general explanation of the matter to be considered, and a statement that the data required by this section is available, shall be mailed at least 14 days prior to the meeting to any interested party who files a written request with the local agency for mailed notice of the meeting on new or increased fees or service charges."

LAFCO did not comply with section 66016, subdivision (a). When a statute mandates a particular procedure, it does not

imply that the procedure may be avoided by inserting a provision in an application form.

Moreover, section 56383 contemplates that the fees charged thereunder will be limited to those necessary to the administrative process, not to post-decision court proceedings. Section 57200, subdivision (a)(1) requires LAFCO's executive officer to execute and file a certificate of completion upon the "completion of all commission actions," including the time period allowed to file and act upon requests for reconsideration. Section 56383, subdivision (c) provides, in part: "The executive officer shall provide the applicant with an accounting of all costs charged against the deposited amount. If the costs are less than the deposited amount, the executive officer shall refund the balance to the applicant after the executive officer verifies the completion of all proceedings. If the costs exceed the deposited amount, the applicant shall pay the difference prior to the completion of all proceedings."

The clear mandate of section 56383, subdivision (c) is that the executive officer must settle the costs charged under the section at the end of the administrative proceedings. The section does not provide for costs that may accrue thereafter.

LAFCO cites section 56107, subdivision (a) for the proposition that the CKH Act must be liberally construed to effectuate its purposes. Yes, liberal construction requires broad rather than narrow construction. (*McKeag v Bd. of Pension Commrs.* (1942) 21 Cal.2d 386, 390.) But the construction may not be so broad as to ignore the express mandates of the statute. Nothing in section 56383, no matter how broadly construed, authorizes the indemnity agreement.

## III
### *Power Implied from LAFCO'S Purpose*

LAFCO contends that it has the power implied from its purpose to require the indemnity agreement.

LAFCO relies on *Zack v. Marin Emergency Radio Authority* (2004) 118 Cal.App.4th 617.  In *Zack*, the question was whether a joint powers agency had the implied power to construct and operate an emergency communications system.  The court recognized that such agencies have implied powers necessarily arising or reasonably inferred from those expressly granted, or indispensable to fulfill the purposes for which it was organized.  (*Id.* at p. 633.)  But *Zack* did not involve attorney fees.  We are constrained by Code of Civil Procedure section 1021.  That section provides:  "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."

Here attorney fees in post-administrative actions are not "specifically provided for by statute."  Nor is there a valid agreement for such fees.  LAFCO's remedy is with the Legislature.

The judgment is affirmed.  Costs are awarded to respondents.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

YEGAN, J.          PERREN, J.

7.

Ginger E. Garrett, Barry T. LaBarbera,\* Judges

Superior Court County of San Luis Obispo

_____

McCormick, Barstow, Sheppard, Wayte & Carruth, James P. Wagoner, Timothy J. Buchanan, Brandon M. Fish and Lejf E. Knutson for Cross-complainants and Appellants San Luis Obispo Local Agency Formation Commission and Special District Risk Management Authority

Best Best & Krieger, Clark H. Alsop and Gregg W. Kettles for California Association of Local Agency Formation Commissions as Amicus Curiae on behalf of Cross-complainant and Appellant San Luis Obispo Local Agency Formation Commission.

Office of the County Counsel County of Santa Clara, James R. Williams, County Counsel, Steve Mitra, Assistant County Counsel, Christopher R. Cheleden, Lead Deputy County Counsel, and John A. Castro, Deputy County Counsel, for California State Association of Counties as Amicus Curiae on behalf of Cross-complainants and Appellants San Luis Obispo Local Agency Formation Commission and Special District Risk Management Authority.

Richards, Watson & Gershon, T. Peter Pierce, Saskia T. Asamura and Kyle H. Brochard for Cross-defendant and Respondent City of Pismo Beach.

_____

\* Barry T. LaBarbera, retired judge of the San Luis Obispo Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.

Jackson Tidus, Michael L. Tidus, Gregory P. Regier and Nedda Mahrou for Cross-defendant and Respondent Central Coast Development Company.