## JACOB F. MILLER, W. C. COLEY, AND GEORGE H. HARRISON v. EDWARD T. STEEN AND PHILO DOWD.

RIGHTS OF VENDOR AND VENDEE OF PERSONAL PROPERTY UNDER CONTRACT OF SALE, WITH CONDITIONS SUBSEQUENT.—A contract of sale of personal property provided for the immediate delivery of the property sold to the vendees, for the payment, in gold coin, of one half the purchase price down, and the balance, likewise in gold coin, in four monthly installments, with a provision that the vendor might retake possession of said property, "and terminate" the contract, in case of a default in payment of said monthly installments, or any of them. In accordance with the contract, the property had been delivered to the vendees, and the said half of the purchase price and the first installment thereon paid, but the vendees made default in the payment of the second and third installments, whereupon the vendor immediately retook possession of said property. At the time the said last installment fell due, the vendees tendered to the vendor the full amount remaining due on said contract, together with such other charges and demands, arising under said contract, as the vendor should have against them, and at the same time demanded the return of said property, which said tender and demand were refused, whereupon the vendees demanded the repayment, in gold coin, of the money paid to the vendor by them on said contract of sale, which demand was likewise refused by the vendor, who thereafter sold and delivered possession of the property to other parties. Thereafter the

vendees sued the vendor to recover, in gold coin, the amount of their payments on said sale, with interest from the times of said payments. *Held*—1st. That, upon this state of facts, and under the terms of the contract, the vendor alone had the right to rescind said contract, and that he did not rescind it ; 2d. That upon no hypothesis, other than that the contract had been rescinded, could the plaintiffs recover back the said purchase money sued for; 3d. That upon said state of facts, the available remedy of plaintiffs against the vendor, was to recover the value of the property, less the amount of said purchase money unpaid at the time of the tender, and the necessary expenses incurred by defendants in removing and taking care of it.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action to recover in gold coin the sum of one thousand two hundred dollars, with legal interest on certain several portions of said sum, from the times of payment by plaintiffs of the said several sums to the defendant Steen. The contract, which was the basis of this action, was set out in the complaint, and will be found in the report of this case on a former appeal. (30 Cal. 402.)

The complaint, by amendment made after the former judgment of this Court in the cause, (see 30 Cal. 402,) declared on said contract as a contract of sale of the property therein described; alleged the payment by the plaintiffs of said sum of one thousand two hundred dollars in gold coin, at the times and according to the first and second calls contained in said contract for payments, to defendant Steen for the sale of said property; alleged, that after default on the third payment, and before the time designated in said contract for the last and full payment to be made to defendant Steen for said property, the defendants took said property into their possession, forcibly and without the consent of plaintiffs; that thereafter, to wit : on November 3d, 1863, the day fixed in said contract for the last and full payment to be made for said property, the plaintiffs tendered to defendant Steen the full sum then remaining due him on said sale, and demanded the return of said property to them, which was refused; and on said refusal the plaintiffs demanded the repayment of said sum of one thousand two hundred dollars, in gold coin, which had been

received from plaintiffs by defendant Steen, which was likewise refused. The complaint further alleged that said contract of sale had been wholly rescinded by defendant Steen.

The answer of defendants, among many other matters, denied that said contract of sale had been wholly or in any measure rescinded.

The trial of the cause was by the Court without a jury, and the findings of fact made and filed by the Court were as follows, to wit:

" 1. That defendant E. T. Steen, on the 3d of July, sold and delivered to plaintiffs Miller, Coley and Harrison, the engine, machinery, boiler, etc., as described in the contract of sale annexed to the pleadings and marked ' Exhibit A,' who took possession thereof on said 3d of July, 1863. That one thousand dollars ($1,000) was paid on account of said purchase July 3d, 1863, and two hundred dollars ($200) August 3d, 1863, to defendant Steen, all in gold coin of the United States. That no other payments were made.

" 2. That on the 3d of November, 1863, which was the day fixed for the last payment of the purchase money, the said plaintiff Coley tendered to said defendants, in gold coin of the United States, the sum of nine hundred and forty dollars, and also offered to pay any further sum that might be required by defendants in payment of balance due on account of said purchase. That defendants declined and refused to accept the same, or any part thereof, nor did they demand or require any further sum.

" 3. That thereafter, said Coley demanded the said property of the said defendant Steen, who was then in possession of the same, except a small part, of the value of fifty dollars, which Steen had sold, but he refused to deliver it up.

" 4. That thereafter, to wit : on the 13th day of February, 1864, said Coley demanded of said Steen to refund the said sum of one thousand two hundred dollars, but said Steen refused to pay the same, or any portion thereof.

" 5. That on the 9th of October, 1863, the said defendant

Steen, without the consent of plaintiffs, except the plaintiff
Harrison, went out to the premises of plaintiffs, where said
boiler and machinery were put up at the works of plaintiffs,
and tore down and removed the same from their premises,
and that defendant Steen was in possession of the said prop-
erty at the time said demand was made for the return of the
same, and so remained in possession until the spring of
1864, at which time defendant Steen sold and delivered to
different purchasers in different parcels the entire machinery
at private sale, without any authority on the part of the
plaintiffs so to do, for a sum less than nine hundred dollars.

" And from the foregoing facts, the Court finds as conclu-
sions of law, that the plaintiffs are entitled to have and
recover the said sum of one thousand two hundred dollars,
in gold coin of the United States, with interest thereon at
ten per cent per annum, from the time the same was
demanded, amounting to the sum of fifteen hundred and
sixty dollars ($1,560) in gold coin, from the said defendant
Steen, and nothing against defendant Dowd.

" That said amount bear interest at ten per cent per
annum, from the time of filing this finding.

" That a judgment be entered accordingly for plaintiffs,
with their costs of this trial, etc., and it is so ordered."

Judgment for plaintiffs was entered accordingly.

Thereafter defendant Steen filed exceptions to said find-
ings, upon the ground, among others, that the evidence did
not justify any finding to the effect that said contract of sale
had been wholly or in any measure rescinded by him. The
said exceptions were overruled by the Court, and defendant
Steen excepted. A motion for a new trial was made by
defendant Steen on the ' grounds, to wit : first, the said
ground of said exceptions; second, that the findings of the
Court did not sustain said judgment; and third, that said
judgment was against law.

The motion for a new trial was denied, and defendant

Steen appealed from the judgment and from the order of the Court denying a new trial.

The other facts are stated in the opinion of the Court.

*Cutter & Washington,* for Appellant.

The acts of the defendant Steen did not amount to a rescission of the contract, nor did the plaintiffs treat the contract as rescinded. The vendor after retaking the property, which he clearly had a right to do under the stipulations of the contract, sold it to various parties to satisfy the balance of the purchase money due. This was but his mode of enforcement of his lien on the property, which he held as security for the payment of said balance.

The Court below seems to have taken the position based upon the decision in *Miller* v. *Steen,* that it was the duty of the vendor, upon the demand, to return either the property or the money advanced by the vendees; that failing to return the property, the vendor by that act rescinded the contract, and that the purchase money advanced at once became due. But, with due deference to the opinion of the Court below, we do not so understand the opinion of this Court in *Miller* v. *Steen.* (See, also, *Jenkins* v. *Simpson,* 14 Me. 364.)

If the contract was not rescinded, the vendees became entitled to the possession upon the payment of the full amount due. But if the vendor failed or refused to deliver the possession, to which the plaintiffs were entitled, their only remedy is *damages.*

The plaintiffs could not rescind the contract. The right to abandon a contract rests only in the party who has been guilty of no default, for a party cannot take advantage of his own wrong in order to defeat a contract into which he has entered. (Chitty on Con. 636, 8th Am. ed.) It is a clearly recognized principle, that if there be only a partial failure of performance by one party to a contract for which there may be a compensation in damages, the contract is not

put an end to. (*Franklyn* v. *Miller*, 4 A. & E. 599, 605.) " A contract cannot in general be rescinded *in toto* by one of the parties when both of them cannot be placed in the identical situation which they occupied when the contract was made." (Chitty on Con. 636; 2 Pars. on Con. 677–80; *Hunt* v. *Silk*, 5 East. 449; *Beed* v. *Blandford*, 2 Y. & J. 276.)

*W. W. Chipman*, for Respondents.

The defendant Steen rescinded the contract by his own act—an act that destroyed his ability to perform it. Equity says he must now restore what he received. If the law should say we must accept it, equity says no, it is unconscionable. But the law does not say so.

But another and a purely legal answer to the defense is this: If the appellant received our gold, and ignored or rescinded the contract, he became our trustee for that gold ; and if he cannot, as this Court decided, keep the gold and the machinery both, he stands in a fiduciary relation toward us to that extent. We have demanded and he has refused.

By the Court, SAWYER, J.:

This case has been here before (30 Cal. 402.) On the last trial the Court must have found, (although it is not expressed in terms) that the defendant, Steen, rescinded the contract, in pursuance of one of the stipulations, which, we intimated, might possibly authorize him to rescind. A judgment for the recovery of the amount paid would be correct on the hypothesis that the contract was rescinded, but on no other. The appellant insists that the evidence does not justify a finding that defendant, Steen, rescinded the contract. And in this we think he is right. There is nothing in the testimony of a conflicting character, so far as it bears on this point. The whole evidence as to the conduct of the parties indicates that Steen, on the default, either claimed a forfeiture of the payments made on the default, and the property besides, or a

right to sell the property in his own way, and pay himself the balance due out of the proceeds. There is nothing to indicate an intention on the part of the vendor to rescind, but every act, under the circumstances, indicates a contrary purpose. He may have mistaken his rights under the contract, but this does not operate as a rescission of the contract on his part, when it is manifest that he did not contemplate anything of the kind. In our former opinion we intimated, that, as the case was then disclosed by the record, no rescission was indicated. We said: "In this case the vendor does not appear to have rescinded, but to have claimed both the property and the money already paid in pursuance of it. This he cannot do. If the contract has been rescinded the plaintiffs are entitled to recover the money paid. If the contract was not rescinded, the vendees became entitled to possession upon payment of the full amount due." (407.) We did not know how the facts might be made to appear on the next trial, and we endeavored to indicate the rule applicable to either state of facts. It is clear from the evidence, as it now appears, that the vendor did not rescind. He could only rescind by virtue of the express stipulation on his behalf in the contract, giving it a liberal interpretation in his favor. The vendees could not rescind under the contract without the consent of the vendor. They had the use of the machinery for several months. (*Hunt* v. *Silk*, 5 East. 449; *Beed* v. *Blandford*, 2 Younge & Jarvis, 383; *Franklyn* v. *Miller*, 4 A. & E. 599; 2 Pars. on Con. 677–80.) In this case Steen *did not* rescind under his contract, and the plaintiff *could not*. There was, then, no rescission of the contract, and the plaintiffs are not entitled to recover the purchase money paid. The property was lawfully taken into Steen's possession, in pursuance of the terms of the contract, and his possession only became unlawful after the tender of the balance due, from which time plaintiff became entitled to it. Upon the facts disclosed by the record, as it is now presented, the plaintiffs are entitled to recover the value of the machinery, less the balance due from them at the time of the

tender, and the necessary expenses incurred by defendants in removing and taking care of it.

Judgment and order denying new trial reversed, and new trial ordered.

Mr. Justice SANDERSON expressed no opinion.