[Civ. No. 8122. First Appellate District, Division One.—November 4, 1932.]

DANIEL COCORES, Respondent, v. ANTHONY ASSIMOPOULOS et al., Appellants.

Wm. R. Biaggi for Appellants.

James Snell for Respondent.

PARKER, J., *pro tem.*—This is an appeal from an order of the trial court denying appellants' motion to quash and set aside a writ of attachment theretofore issued in the action.

It will be unnecessary to specifically detail the facts to the extent of setting forth the character of the property involved or the amount or terms of payment. The concrete question may be presented by a more or less general statement. Plaintiff was the owner of certain personal property, consisting of fixtures and furnishings for a candy store. Defendants entered into a contract with plaintiff whereby plaintiff agreed to sell to defendants the said property. The contract was of the usual conditional sales form, providing therein the purchase price and terms of sale. The payments were to be made extending over a period of some years, a certain amount payable on the first of each and every month. The unpaid purchase price was to bear interest at the rate of seven per cent per annum, and possession of the property was delivered to the defend-

ants, the vendees. The contract provided that the title to the property should remain in the vendor until the full purchase price and the interest thereon had been fully paid, and further provided that should the vendees fail, neglect or refuse to pay any installment of the purchase price or any interest at the time when due, the vendor at his option might terminate the agreement and might retake the said property. Default was made in the payments and the present action commenced.

In the complaint it is alleged that plaintiff, vendor, has elected to terminate the agreement and to take possession of said property. The complaint sets up the contract, and default, and also alleges that defendants claim some right, title, estate or interest in said property. The prayer is that plaintiff be decreed the owner of the property and entitled to the immediate possession, and that immediate possession be awarded plaintiff. The complaint further prays for damages for the wrongful withholding. Then plaintiff prays for a judgment for the sum of $967.35, as interest due and unpaid under the agreement. A writ of replevin was issued upon the affidavit of plaintiff, and due and sufficient undertaking was filed. The affidavit supporting the writ sets forth that plaintiff is the owner of the property which is being wrongfully detained by defendants. Thereafter plaintiff, upon affidavit and undertaking, procured in the same action a writ of attachment directed against defendants. The affidavit, in the usual form, set up the claim that defendants were indebted to plaintiff in the sum and amount of $975 upon an express contract for the direct payment of money, to wit: Interest on conditional contract of sale payable in this state and not secured by mortgage or lien or pledge, etc. After the issuance of the said writ of attachment, defendants moved the court below to set aside and quash the said writ, which motion, coming on regularly to be heard, was denied. We are of the opinion that the order thus made was erroneous.

We deem it unnecessary to catalog the contentions of the respective parties, inasmuch as the facts resolve themselves. ▮ Respondent contends that the action is not one in claim and delivery but more in the nature of an equitable or other proceeding whereby he seeks restoration of the goods, the title thereto quieted, and also the unpaid

interest which defendants agreed to pay. Yet the purpose of the action is determined from the pleadings and the procedure incident thereto. Respondent specifically elects to terminate the agreement and take possession of the property and to that end secures possession through the process of claim and delivery. The law seems well settled that the vendor under a conditional sales contract is given an election of remedies. He may terminate the contract, retake the property and retain the money theretofore paid, or he may treat the transaction as a sale and sue for the balance of the purchase price. In *Frankel* v. *Rosenfield*, 95 Cal. App. 647, 651 [273 Pac. 122, 124], it is said: "There is no disputing the foregoing [this] rule, but, as said in *Holt Mfg. Co.* v. *Ewing*, 109 Cal. 353 [42 Pac. 435] . . . , 'These remedies being inconsistent, the plaintiff could elect which he would pursue, but he could not have both.'" ▮ When the contract is terminated and the property repossessed, the vendee is released and, obviously, thereafter the vendor cannot pursue the alternative remedy afforded by law. It is, however, the main contention of respondent that the relationship between the parties was one arising out of an express contract and this contract provided for two things; namely, the payment of the agreed purchase price and the payment of interest as something distinct and independent from the main contract. Therefore, argues respondent, the demand for interest, arising out of the separate, express contract, would support the writ of attachment. The argument savors somewhat of sophistry. A contract or agreement providing for interest payment, in the very nature of things, must be a part of some antecedent and co-related obligation. If respondent were correct, it could well be that he might repossess for unpaid interest and then retain his cause of action, independently, for the unpaid principal due. Such a construction would in no way harmonize with the law or the decisions construing the same. There was but one contract between the parties—an express contract, it is true—and the vendor could have, in the first instance, brought his action to recover the unpaid balance, including interest. In this action he could have procured an attachment to secure any judgment that might follow. But he could not, as he here attempts, split this obligation into various segments and pursue different remedies, one

of which was to terminate the agreement *in toto*. The election to which the quoted case refers is not a partial or qualified election but is one, the effect of which is to restore to the vendor the goods contracted for and to relieve the vendee of future payment, with forfeiture of payments already made.

Respondent contends that the defendants agreed that in the event of a default plaintiff would be entitled to recover: First, the property delivered by plaintiff; and second, interest on the unpaid purchase price. The wording of the contract is that if the vendees should fail to pay any installment of the purchase price or interest, the vendor should have his option to terminate the contract and repossess. This wording does not bear the construction urged by respondent. Respondent seems unmindful of the doctrine of election of remedies and argues his right to attachment solely in the abstract. We might readily concede that if he had elected to treat the transaction as a sale, vesting title in the vendee, he could sue for the unpaid balance, with interest, and secure the writ. But he has not done this. He has definitely and unequivocally made his election and pursued the chosen remedy to the prejudice of the vendees and he will be bound thereby. To hold that the contract of purchase embodies two distinct and separate promises, such as the obligation to pay the purchase price and an obligation to pay interest as a thing apart and disconnected from the main obligation would be without support either in law or logic.

There was and is but one consideration supporting the entire contract; namely, a sale of the goods. When the sale is terminated and the vendees discharged from liability thereunder, then the entire consideration falls, both as to principal and interest. For further citation and discussion on the rule of election of remedies, reference may be had to *Martin Music Co.* v. *Robb,* 115 Cal. App. 414 [1 Pac. (2d) 1000].

The order appealed from is reversed.

Knight, Acting P. J., and Cashin, J., concurred.