[S. F. No. 15115.   In Bank.—July 10, 1935.]

DANIEL COCORES, Plaintiff, Cross-Defendant and Appellant, v. ANTHONY ASSIMOPOULOS et al., Defendants and Respondents; WILLIAM J. EMIG, Sheriff, etc., Cross-Defendant and Appellant.

James P. Snell and Chester E. Ross for Appellant.

William R. Biaggi for Respondents.

SHENK, J.—The record presents an appeal by the plaintiff and William J. Emig, as Sheriff of Santa Clara County, from a judgment against them as cross-defendants after a trial of the issues raised by a complaint and a cross-complaint in claim and delivery.

In October, 1924, the plaintiff and the defendant Helen Assimopoulos entered into a written contract under which the latter agreed to buy the lease, stock in trade, furniture, fixtures, equipment and good will of the Elite confectionery store owned by the plaintiff and located in Gilroy. The contract contained a detailed list of the articles and stock sold. The sale price was $5,500, payable in monthly instalments during a period of three years beginning January 1, 1925. It was provided that title to all of the property should remain in the plaintiff until the full purchase price with interest should be paid. The buyer agreed to take proper care of the property and keep the machinery in a good state of repair, but there was no agreement that she would replace or restore lost or destroyed articles, or any stock in trade or supplies removed in the course of business or that she carry insurance on any of the property involved.

The defendant Helen immediately went into possession of the store and business and conducted it until December 31, 1927. At that time she was in arrears on the instalments and informed the plaintiff that the business did not warrant her continuing under the contract; that she desired the plaintiff to retake possession of the store as it was, with anything added thereto, and that she be released from the contract. The plaintiff requested the defendant Anthony to take a transfer of the business from Helen and conduct it on his own

account, to which Anthony consented. A transfer from Helen to Anthony was made on December 31, 1927. Up to that date $3,050 had been paid to the plaintiff on account of principal and interest, and after that date the defendant Anthony paid the sum of $350 thereon.

On August 21, 1929, a fire occurred in the rear part of the premises and destroyed a considerable portion of the equipment, machinery and supplies, which was replaced by the defendant Anthony from funds collected under the provisions of insurance policies theretofore taken out by him.

In May, 1931, the plaintiff sued in claim and delivery to recover possession of the entire contents of the store, and possession thereof was taken by the sheriff under a void writ of attachment. (*Cocores* v. *Assimopoulos*, 127 Cal. App. 360 [15 Pac. (2d) 892].)

The defendants Helen and Anthony filed an answer admitting the right of the plaintiff to the possession of any articles covered by the terms of the contract of conditional sale. The defendant Anthony filed a cross-complaint against the plaintiff and the sheriff alleging his right to possession of any articles which were not subject to the conditional sale contract, and specifying the equipment, machinery, fixtures and stock which had been purchased by the defendant Anthony while he conducted the business.

The trial court concluded that certain designated articles, which were found to have been purchased by the defendant Anthony, belonged to him and that the plaintiff had no right, title or interest therein. Other articles and equipment the court concluded belonged to the plaintiff pursuant to the terms of the contract of conditional sale.

The main questions on the appeal relate to the sufficiency of the evidence to support the findings of the trial court which involve the right of the defendant Anthony to claim the property described in the cross-complaint and adjudged to belong to him. The answers to the main contentions are resolved by an investigation into the propriety of the trial court's construction of the conditional sales contract and the rights of Anthony, the assignee thereof. Also involved is the question of the law as to which of the parties should bear the loss resulting from the destruction of a part of the subject matter of the contract.

The property affected by the contract of sale was divisible in its nature, and the parties themselves still considered the contract in force after the fire which destroyed a part thereof on August 21, 1929. Therefore, the problems discussed by the plaintiff as to what should be the solution when there is a partial as distinguished from a total destruction are not pertinent. At the time here in question section 1742 of the Civil Code added by Statutes of 1931, page 2242, was not the law. The law applicable to this case is stated in *Kirtley* v. *Perham,* 176 Cal. 333 [168 Pac. 351], and in 22 Cal. Jur., p. 942 et seq. and 1104 et seq., to the effect that in the absence of any special agreement between the parties, and here there is none, as to who should bear the loss in the event of destruction of the goods without the fault of either party, the loss must fall upon the person, here the plaintiff, in whom title was vested. In this and in other respects concerning the depletion and loss of the property in the ordinary course of business without the fault of the defendants, the court correctly construed and applied the provisions of the contract.

It follows that the court did not err in sustaining an objection to the introduction of evidence designed to show that the payment of the insurance money by the insurance carrier to the defendant Anthony was for the plaintiff's account.

The appellants express some apprehension lest the judgment of the court will be read to double their liability as to certain articles adjudged to belong to the defendant Anthony and which are enumerated in two places in the judgment. The appellants' fears are groundless, however, since a reading of the judgment makes it obvious that the same articles are merely referred to twice for distinct purposes and that double liability on that account was not intended, and does not result.

There is no merit in the contention that the record is lacking in evidence to support the court's finding that Helen Assimopoulos was the real party to the contract of conditional sale and that Anthony Assimopoulos, her husband, was not an owner of the business until he took it over as assignee of Helen on December 31, 1927.

The plaintiff contends that the court erred in awarding costs to the defendant Anthony Assimopoulos on his cross-complaint and in denying the plaintiff a judgment for costs

on his complaint. As a result of the transfer of the possession of the property to the appellant, Emig, as sheriff, under the void attachment, the controversy resolved itself into a trial of the respective claims of title. In so far as the plaintiff's cause was concerned, and in the light of the judgment, the record shows that the defendants Anthony and Helen disclaimed any interest in any property covered by the contract of conditional sale. The defendant Anthony prevailed against the plaintiff and the cross-defendant Emig in respect to the property which was not the subject matter of the contract, but as to which the plaintiff claimed an interest. Pursuant to the applicable code sections in force at the time of trial and judgment, the plaintiff was not entitled to any judgment for costs on his complaint, while the defendant was entitled to costs on his cross-complaint. (Code Civ. Proc., secs. 739, 1022 and 1024; see *Hoyt* v. *Hart,* 149 Cal. 722, 731 [87 Pac. 569].)

The judgment is affirmed.

Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.