[Civ. No. 5744. Third Appellate District.—October 19, 1937.]

W. E. JAMES et al., Appellants, v. W. V. ALLEN, Respondent.

206

W. E. James for Appellants.

No appearance for Respondent.

PLUMMER, J.—Plaintiffs began this action to recover from the defendant the sum of $561, being the amount alleged to be due for and on account of a conditional sales contract, where the property was repossessed by the seller and resold. The original contract covered personal property of the sale value of $1,025, conditioned for certain instalment payments, which were not made.

The plaintiffs, assignees of the seller, took possession of the property, sold the same, and began this action for the balance alleged to be due on account of the contract price. The defendant had judgment. From this judgment the plaintiffs appeal.

The sale was made at public auction conducted by the assignees, after notice to the buyer that the sale would be made for his account. The cause is before us upon the judgment roll alone.

The findings of the court show that the plaintiffs had, by their election to repossess the property, waived the right of bringing an action for the purchase price, as well as for the balance due after making sale of the property for the alleged account of the buyer.

A consideration of the different cases leads to the conclusion that every case is governed by the provisions of the contract of sale, and where the contract provides that the vendor or seller may repossess the goods, sell the same for the account of the vendee or purchaser, and sue for the balance of the purchase price, that proceeding will be upheld, but where the contract does not so provide, but gives the vendor a choice of remedies, he is bound by his election.

The contract involved in this action reads as follows:

"It is also agreed that should vendee fail to pay any of the installments when due, or to perform any of the aforesaid conditions, or said property be attached or levied upon, all of said sum that remains to be paid shall become immediately due and payable, and vendor may enforce payment of the entire sum then unpaid, and interest thereon; or may, if he so elect, rescind this executory contract and take possession

without legal process, of that property, and for that purpose may enter any premises where the same may be.''

It will be seen that the contract in this case limits the vendor to his election between two remedies, and that he cannot, after proceeding with one remedy go back and institute an action upon the other. In this case the plaintiffs elected to rescind and repossess the property.

The proceedings had in this case cause the rights of the plaintiffs to be limited to the rule set out in the notes found in 83 A. L. R. 960, and the cases there cited. The headnote reads as follows:

''As pointed out in the annotation in 37 A. L. R. 91, by the great weight of authority, in the absence of statutory provisions to the contrary, under the ordinary contract of conditional sale which does not expressly confer upon the seller the right to recover the balance of the purchase price after reselling the property for a sum less than that remaining unpaid, if the seller; as owner, takes possession of the property upon default of the buyer, and as such owner sells or otherwise uses the property, he cannot recover any portion of the unpaid purchase price.'' Following this statement are a large number of cases cited, including many from California. To the same effect is the rule stated in 55 C. J. 1272, section 1288. Here, the property was taken without process of law, and must be held to have been taken according to the terms of the contract.

In the recent case of *Cocores* v. *Assimopoulos*, 127 Cal. App. 360 [15 Pac. (2d) 892], the court in its opinion says: ''The law seems well settled that the vendor under a conditional sales contract is given an election of remedies. He may terminate the contract, retake the property, and retain the money therefor paid, or he may treat the transaction as a sale and sue for the balance of the purchase price.'' (Citing a number of cases.)

In *Bagwill* v. *Spence*, 127 Cal. App. 263 [15 Pac. (2d) 810], the court had before it a similar question, and quoted from *Johnson* v. *Kaeser et al.*, 196 Cal. 686 [239 Pac. 324], as follows: ''It is settled by an unbroken line of decisions that as to such a contract it is optional with the seller, upon default by the purchaser in complying with any one of the vital terms of the agreement, either to treat the contract as involving

a conditional sale and retake possession of the property, or ratify the contract as involving an absolute sale of property, and so sue for the recovery of all moneys then payable thereunder . In other words, the seller in such case is vested with the right to exercise an election as between the two remedies.'' (Citing a large number of authorities.)

The appellant relies upon the case of *Jeanson* v. *Zangl*, 119 Cal. App. 692 [7 Pac. (2d) 314], and *Matteson* v. *Equitable M. & M. Co.*, 143 Cal. 436 [77 Pac. 144]. These cases are readily distinguishable from cases where the contract limits the right of the vendor, as is the case with the contract under consideration here.

As supporting what we have said limiting the right of the plaintiffs to their election, we may cite, also, the case of *Frankel* v. *Rosenfield*, 95 Cal. App. 647 [273 Pac. 122], where it is held that the proceedings, such as taken by the plaintiffs in this action, are inconsistent and that after repossessing the property, an action will not lie for the purchase price.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.