[Civ. No. 32492. First Dist., Div. Three. July 18, 1974.]

ALFREDA KIPP, Plaintiff and Appellant, v.
ROBERT C. COZENS, as Director, etc., et al.,
Defendants and Respondents.

## Counsel

Cecil L. McGriff and Eugene T. Moriguchi for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Victor D. Sonenberg, Deputy Attorney General, Heller, Ehrman, White & McAuliffe, M. Laurence Popofsky, Curtis M. Caton and James A. Rothstein for Defendants and Respondents.

## Opinion

**DEVINE, J.**[*]—Plaintiff appeals from a judgment which denies her prayed-for injunction and writ of mandate, the issue being the constitutionality of the statutes which recognize the right of self-help repossession of motor vehicles. Respondents are Robert Cozens, Director of the Department of Motor Vehicles, Wells Fargo Bank, assignee of the conditional sale contract and actual repossessor, and Gus Mozart Volkswagen, Inc., seller of the vehicle, assignor of the contract.

Alfreda Kipp purchased a 1965 Volkswagen on February 6, 1970, from Gus Mozart Volkswagen, Inc., and executed a standard motor vehicle conditional sale contract. The contract was not introduced into evidence. The trial judge declared that he assumed that it contained a provision for repossession and resale by the seller or its assignee in the event of default in payment by the buyer, and the assumption is not challenged. The purchase was financed by Wells Fargo Bank, and the contract was assigned to the bank.

Plaintiff made regular payments through December of 1971, but failed to make the installment payments due on January 26 and February 26, 1972. In the proceedings below and on appeal the bank asserted giving but appellant denied receiving notice prior to repossession. Notice is not required by any statute.

The car was repossessed by agents of the bank on March 8, 1972. At the time of repossession, there were but two installments due. On payment of these, plaintiff would have fulfilled her contract and would have been entitled to the title to the car.

Appellant seeks to have declared unconstitutional section 9503 of the

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Commercial Code, which recognizes the right of self-help repossession;[1] section 2982, subdivision (a)10(4), of the Civil Code, which requires notice to be given in every conditional sale contract (of other goods as well as of motor vehicles) that default may result in repossession and also in liability for unpaid indebtedness;[2] section 5601 of the Vehicle Code, which exempts involuntary transfers, as upon repossession under a security agreement from the ordinary procedure of transfers;[3] and section 5909 of the Vehicle Code, which provides for change of registration in cases of involuntary transfer.[4]

The trial court denied relief to appellant on the ground that no state action was involved in the repossession. A temporary restraining order which had prevented Mozart and the Director of the Department of Motor Vehicles from effecting the transfer of the vehicle was dissolved. The trial judge, having filed a thoughtful memorandum decision, declared that the statutes which had been challenged as unconstitutional are in truth constitutional, namely, Commercial Code section 9503, Civil Code section 2982, subdivision (a)10(4), and Vehicle Code sections 5601 and 5909.

---

[1]Commercial Code section 9503: "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under Section 9504."

[2]Civil Code section 2982 subdivision (a)10(4): "Every conditional sale contract . . . shall contain . . . 10. A notice . . . reading as follows: 'Notice to the buyer: . . . (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.' "

[3]Vehicle Code section 5601: "Section 5600 does not apply to involuntary transfers, as upon the taking of possession by a secured party under a security agreement, or to transfers involving the creation of security interests subject to Chapter 3, commencing at Section 6300."

[4]Vehicle Code section 5909: "(a) Whenever the title or interest of any owner or legal owner in or to a vehicle registered under this code passes to another otherwise than by voluntary transfer the new owner or legal owner may obtain a transfer of registration upon application therefor and upon presentation of the last certificate of ownership and registration card issued for the vehicle, if available, and any instruments or documents of authority or certified copies thereof as may be required by the department, or required by law, to evidence or effect a transfer of title or interest in or to chattels in such case.

"(b) The department when satisfied of the genuineness and regularity of the transfer shall give notice by mail to the owner and legal owner of the vehicle as shown by the records of the department and five days after the giving of the notice, if still satisfied of the genuineness and regularity of such transfer, shall transfer the registration of the vehicle accordingly. Such notice shall not be required for a transfer described in Section 5601."

The restraining order having been dissolved, Mozart was free to sell the vehicle under the provisions of Civil Code section 2982. The record does not inform us whether such sale was made, although one of the briefs says that it was. In any event, no contention was made before the trial judge that the provision for sale of the repossessed vehicle, section 9504 of the Commercial Code, is unconstitutional.[5] There is nothing to show that plaintiff was charged with any deficiency. If she was, and if deficiency judgment were sought against her, she could, if she believed allowance of deficiency to be unconstitutional, defend on that ground. The present appeal, therefore, is not concerned with the constitutionality of the sales procedure set forth in Civil Code section 2982 or with the constitutionality of the provision for liability for deficiency.

It is essential to appellant's case that the action complained of, the repossession, be that of the State of California. The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." (*Shelley* v. *Kraemer,* 334 U.S. 1, 13 [92 L.Ed. 1161, 1180, 68 S.Ct. 836, 3 A.L.R.2d 441]; *Kruger* v. *Wells Fargo Bank,* 11 Cal.3d 352, 359 [113 Cal.Rptr. 449, 521 P.2d 441].) So, plaintiff must show a level of significant state involvement sufficient to characterize the repossession as state conduct. (*Kruger* v. *Wells Fargo Bank, supra,* at p. 359.)

The basic repossession statute is section 9503 of the Commercial Code, enacted in 1963. There is no California appellate decision on its constitutionality. The California Supreme Court expressly has said, in *Adams* v. *Department of Motor Vehicles,* 11 Cal.3d 146 [113 Cal.Rptr. 145, 520 P.2d 961], the garage owner's lien law case, that it did not say anything to affect either the validity of foreclosure under deed of trust providing for private sale or on the propriety of private repossession where the parties have contracted therefor.

---

[5]In *Adams* v. *Department of Motor Vehicles,* 11 Cal.3d 146 [113 Cal.Rptr. 145, 520 P.2d 961], the garageman's lien case, the power of the seller arose from and was subject to specific provisions of state statute, and his exercise of that power was supervised by the Department of Motor Vehicles (p. 152). State action was obvious. It was held that the provisions for sale did not afford the owner a proper opportunity for hearing. But in the case before us, the seller would not be a mere lienholder but the owner under conditional sale, and he would be selling by authority of contract. If despite these distinctions, provisions for notice might in some cases be held deficient, this is not so in the case before us. Appellant had notice of repossession, probably immediately after it occurred, and certainly before she filed her complaint on April 21, 1972. Sale was enjoined until judgment was rendered on July 20, 1972. The record gives no evidence that appellant attempted to cure her default by payment in full of the indebtedness, provision for which is made in Civil Code section 2983.2. If there were a surplus, she would be entitled to it. (Cal. U. Com. Code, § 9504, subd. (2).)

In *Adams* (a different Adams) v. *Southern California First National Bank,* 492 F.2d 324, the California self-help repossession statutes were held constitutional (dissent by Byrne, J.).[6] In *Shirley* v. *State National Bank of Connecticut,* 493 F.2d 739, a statute of Connecticut allowing repossession without prior notice or hearing, if the contract expressly makes the default a ground for retaking the property, was upheld (dissent by Kaufman, Chief Judge). The Supreme Courts of two states likewise have sustained statutes recognizing the right of a creditor to self-help: *Brown* v. *United States National Bank of Oregon,* 265 Ore. 234 [509 P.2d 442]; *Northside Motors of Florida, Inc.* v. *Brinkley* (Fla.) 282 So.2d 617 (one judge dissenting). A compilation of published United States District Court cases, some holding that self-help repossession is state action and a somewhat larger number holding that it is not, is to be found in *Shirley* v. *State National Bank of Connecticut, supra,* at page 744. A compendium of lower state and unreported district court cases on the subject may be found in 47 Southern California Law Review 1, 8. Although the mere counting of numbers on the respective sides does not lead to anything conclusive, it bears mention that there are thirty-four cases holding that self-help is not state action as against five cases holding to the contrary. All in all, we find in the array of authorities a considerable balance in favor of the view that recognition by the state of the right to contract for self-help repossession does not significantly involve the state, and of course much weight must be given to the decision by the United States Court of Appeals in the Ninth Circuit in the *Adams* case involving the very statutes which are attacked by appellant in the instant case.

 Since we are not bound, however, by the authorities cited, it is appropriate to give the reasons for our own conclusion that the trial judge was correct in deciding that state action is not involved, even though those reasons have been stated in one form or another in the cases cited above.

State personnel are not involved in the act, as they were in *Fuentes* v. *Shevin,* 407 U.S. 67 [32 L.Ed.2d 556, 92 S.Ct. 1983]; *Mitchell* v. *W. T. Grant Co.,* 416 U.S. 600 [40 L.Ed.2d 406, 94 S.Ct. 1895]; *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]; *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]; *Mihans* v. *Municipal Court,* 7 Cal.App.3d 479 [87 Cal. Rptr. 17]; *Klim* v. *Jones,* 315 F.Supp. 109; *Hall* v. *Garson,* 430 F.2d 430. This is an important distinction. (See *Kruger* v. *Wells Fargo Bank, supra,* 11 Cal.3d at p. 360.) As was pointed out in *Oller* v. *Bank of America,*

---

[6]Hearing en banc was denied. Hufstedler, J. dissented from the denial. (492 F.2d at p. 340.)

342 F.Supp. 21, 23, there are exceptions to the requirement that state action ordinarily can be satisfied only when the action is taken by a state officer, but these exceptions usually have been where a state official was acting in concert with a private individual (*Adickes* v. *Kress & Co.,* 398 U.S. 144 [26 L.Ed.2d 142, 90 S.Ct. 1598]; *Williams* v. *United States,* 341 U.S. 97 [95 L.Ed. 774, 71 S.Ct. 576]; *Shelley* v. *Kraemer,* 334 U.S. 1 [92 L.Ed. 1161, 68 S.Ct. 836, 3 A.L.R.2d 441]), or the state law compelled the action (*Harrison* v. *Murphy,* 205 F.Supp. 449; *Williams* v. *Hot Shoppes, Inc.,* 293 F.2d 835 [110 App.D.C. 358]), or the power exercised was purely of statutory as distinguished from common law or contractual origin (*DeCarlo* v. *Horne and Company,* 251 F.Supp. 935; *Klim* v. *Jones,* 315 F.Supp. 109). There may be added to these exceptions cases in which private conduct has become entwined with governmental action. (*Adams* v. *Department of Motor Vehicles, supra,* 11 Cal.3d at p. 152.)

This brings us to the origin of the right of repossession. The right of repossession is not a creature of Commercial Code section 9503, although it is recognized therein. The right existed at common law. (2 Pollock & Maitland, The History of English Law (1909) 574; 2 Blackstone, Commentaries on the Laws of England, 856-858.) This surely was so when the contract of sale allowed repossession; and the right existed by implication even in the absence of express statement in the contract. (*Adams* v. *Southern California First National Bank, supra,* 492 F.2d at p. 330, fn. 11; *Johnson* v. *Kaeser,* 196 Cal. 686, 694-695 [239 P. 324]; *Miller* v. *Steen,* 34 Cal. 138, 144; *Holt Manufacturing Co.* v. *Ewing,* 109 Cal. 353, 356 [42 P. 435]; *California Restaurant Equipment Co.* v. *Weber,* 101 Cal.App. 646 [281 P. 1040]; *Liver* v. *Mills,* 155 Cal. 459, 462-463 [101 P. 299]; *Rogers Lamb Co.* v. *Coast Securities Co.,* 58 Cal.App. 744, 745-746 [209 P. 246]; *Los Angeles Furniture Co.* v. *Hansen,* 46 Cal.App. 5, 8 [188 P. 292]; *Goldberg* v. *List,* 11 Cal.2d 389 [79 P.2d 1087, 116 A.L.R. 900]; Hines, *Rights and Remedies Under California Conditional Sales,* 23 Cal.L.Rev. 557, 571, 578, 582.) The importance of this factor appears from *Kruger* v. *Wells Fargo Bank, supra,* at page 360, holding a bank's right of setoff to be a principle of equity not finding its authorization in the Banker's Lien Law (Civ. Code, § 3054), although the statute does recognize the remedy; and in *Adams* v. *Southern California First National Bank, supra,* at page 330, as to the California repossession statutes; and in *Shirley* v. *State National Bank of Connecticut, supra,* at page 742, holding the same as to the law of Connecticut. Conversely, the facts that the garageman's lien is wholly the creature of the statute, and that the contract between the garage owner and his customer made no provision for retention of the vehicle, showed that state action was necessary in *Adams* v. *Department of Motor Vehicles, supra.*

We take note of appellant's argument that the California statutes encourage the self-help procedure, wherefore they do involve state action. This argument was made in *Adams* v. *Southern California First National Bank*, at pages 335-336, and was rejected on the grounds that at least as to one of the creditors involved therein, the creditor was seizing property that had been entirely his, and that the debtor had not paid for according to the terms of the contract, and that "a strong case can be made that it is a tradition that repossession is not a state function" (492 F.2d at p. 336). We accept these conclusions of the *Adams* court. It is further argued that encouragement by and involvement of the state results from the authorization of deficiency liability by the terms of Commercial Code section 9504, because deficiency is a statutorily created right. It was not allowed to creditors at common law. (*James* v. *Allen,* 23 Cal.App.2d 205 [72 P.2d 570]; *Ravizza* v. *Budd & Quinn, Inc.,* 19 Cal.2d 289, 293 [120 P.2d 865]; Hines, *Rights and Remedies Under California Conditional Sales, supra,* 23 Cal.L.Rev. at p. 575.) It should be noted here, as it was above, that so far as the record shows, appellant has suffered no liability for deficiency. But her argument is that the incorporation of a right to deficiency into the statutory scheme makes the whole process of repossession from beginning to end a subject of state action. Here again, the argument was made and rejected in the *Adams* case, on the ground that the deficiency claim is based on the underlying debt and thus is not related to the seizure (p. 337). We, too, are of the opinion that the process of seizure is distinct from that of establishing liability for deficiency, and, further, that the allowing of the latter does not affect the nature of the repossession procedure as one continuing from the common law. At this point, we remark that the provision in section 2982, subdivision (a)10(4) of the Civil Code, requiring notice in the contract that default may result in liability for unpaid indebtedness, does not create any liability on the part of the debtor, and therefore the challenge to that section on constitutional grounds must fail. Also, we note that appellant's arguments that the deficiency provision contained in Commercial Code section 9504 constitutes a denial of equal protection of the laws, because in retail installment cases in general deficiency is outlawed by the provisions of the Unruh Act, are not relevant to the case at hand because no deficiency liability appears in the record.

■ Finally, we consider appellant's contention that Vehicle Code section 5601, which provides that the ordinary transfer requirements of section 5600 do not apply to involuntary transfers, and section 5909, which provides for transfer of registration upon application provided the Department of Motor Vehicles is satisfied of the genuineness and regularity of the transfer, are unconstitutional as significant state acts which have

deprived the appellant of property without procedural safeguards. As remarked above, there is no factual showing that plaintiff was deprived of any safeguards in the matter of sale of the automobile. Besides, the certificate of registration does not conclusively establish true ownership of the vehicle. (*Davis* v. *Joseph,* 148 Cal.App.2d 899 [307 P.2d 958].) The registration requirements protect innocent purchasers and afford identification of vehicles and persons responsible for accidents and injuries. (*Henry* v. *General Forming, Ltd.,* 33 Cal.2d 223 [200 P.2d 785]; *Dorsey* v. *Barba,* 38 Cal.2d 350 [240 P.2d 604].) Following sale, it is to the interest of the conditional buyer that his name be removed from the registration because of the possibility of accidents involving the vehicle. The sale itself has not been conducted by the state. Following the sale, registration serves the public purpose of orderliness.

The judgment denying preliminary injunction (against sale and registration of the vehicle) and declaring Commercial Code section 9503, Civil Code section 2982, subdivision (a)10(4), and Vehicle Code sections 5601 and 5909 to be constitutional, is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 12, 1974.